IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELVIA CORDERO,

    Plaintiff,

v.                                      CIV No. 13-31 JCH/GBW

TODD FROATS *et al.*,

    Defendants.

## ORDER STAYING CASE

THIS MATTER is before the Court on Defendants' Motion to Stay Discovery (*doc. 21*).  The Court, having reviewed the briefing filed by Defendants (*doc. 22*) and having received no response from Plaintiff, will grant the motion.

**I.**      **BACKGROUND**

Plaintiff Elvia Cordero brings this wrongful death suit on behalf of her nephew, Robert Montes.  *Doc. 1* ¶ 1.  Mr. Montes was killed on December 17, 2011, during a traffic stop involving the individual Defendants.  *Id*. ¶¶ 4-6.  Plaintiff filed her Complaint on January 11, 2013.  *Doc. 1*.  On May 21, 2013, Defendants concurrently filed a motion for summary judgment on the basis of qualified immunity and a motion to stay discovery pending the outcome of their summary judgment motion.  *Docs. 18, 21*.  Plaintiff has failed to file a response.

## II.   STANDARD OF REVIEW

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).  The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).  Moreover, the qualified immunity defense may be asserted at various stages in the litigation process.  *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006) (citing *Behrens v. Pelletier*, 516 U.S.

299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

**III.    ANALYSIS**

Upon review of the briefing in this matter, the Court finds that a stay is appropriate.  The individual Defendants have raised a qualified immunity defense.  *See doc. 19*.  Plaintiff has failed to challenge Defendants' request for a stay of discovery.

The Court sees no reason why this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery.  The individual Defendants are public officials and are therefore entitled to raise a qualified immunity defense.  Although the City of Las Cruces is not entitled to qualified immunity, its liability is contingent on that of the individual Defendants.  *See Hinton v. City of Elwood, Kan.*, 997 F.3d 774, 782-83 (10th Cir. 1993) (explaining that where there was no underlying constitutional violation, a finding of qualified immunity for the official in question would also excuse municipal liability).  Any further discovery regarding the City would likely implicate the individual Defendants, thereby impinging upon his immunity.  Therefore, this matter must be stayed.

**IV.     CONCLUSION**

Wherefore, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery, (*doc. 21*), is GRANTED.  All discovery in this matter is hereby STAYED pending the Court's disposition of Defendants' qualified immunity motion.  *See doc. 18.*  Defendants should still file a response to Plaintiff's Motion for Extension of Time to Amend and/or Join Parties (*doc. 26*) to advise the Court of their position on that motion given the instant Order..

                                                                  _____
                                                                  GREGORY B. WORMUTH
                                                                  UNITED STATES MAGISTRATE JUDGE