IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**ELVIA CORDERO, as Personal Representative
of the ESTATE OF ROBERT MONTES,**

      **Plaintiff,**

      vs.                                    Civ. No. 13-0031 JCH/GBW

**TODD FROATS, PETER BRADLEY and
CODY AUSTIN, Individually and in Their
Official Capacity as Members of the Las
Cruces Police Department, and CITY OF
LAS CRUCES,**

      **Defendants.**


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' *Motion and Memorandum in Support of Motion To Stay Proceedings Pending Defendant's Interlocutory Appeal*. [Doc. 38] Plaintiff filed a response [Doc. 41], and Defendants filed a reply [Doc. 44]. Having considered the motion, briefs, and relevant law, the Court will grant the motion to stay.

### BACKGROUND

On January 9, 2015, the Court issued a Memorandum Opinion and Order [Doc. 34] which granted in part and denied in part Defendants' motion for qualified immunity and summary judgment [Doc. 18]. The Court denied Defendants' motion with respect to Counts I and II, and with respect to the excessive force claim under Count III. The Court granted

Defendants' motion with respect to the spoliation claim under Count III, and with respect to the independent punitive damages claim in Count IV.

Defendants filed for interlocutory appeal on February 9, 2015. [Doc. 37] The Tenth Circuit ordered both parties to file briefs addressing the issue of whether the Tenth Circuit has jurisdiction over the appeal, and then referred the case to a panel.

## DISCUSSION

The Court's January 9, 2015 Memorandum Opinion and Order denied Defendants qualified immunity on Count I—a claim of excessive force under § 1983. The Court also denied summary judgment on Count II—a claim under the New Mexico Tort Claims Act, and on Count III—a § 1983 excessive force claim against the City of Las Cruces. Defendants request the Court to stay all proceedings pending resolution of the interlocutory appeal. *See Stewart v. Donges*, 915 F.2d 572, 575-76 (10th Cir. 1990); *Walker v. City of Orem*, 451 F.3d 1139, 1145-47 (10th Cir. 2006) (holding that district court was divested of jurisdiction regarding issues on appeal, and district court could not even grant relief favoring appellants).

Plaintiff's response requests the Court to certify the appeal as frivolous and deny a stay, arguing that Defendants' appeal does not fall under the collateral order exception because Defendants seek review of factual rather than legal issues. [Docs. 41, 47] *See Stewart*, 915 F.2d at 576-78 (stating that district court may, after hearing, certify appeal as frivolous and retain jurisdiction despite appeal); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1161 (10th Cir. 2005) (reaffirming *Stewart* on this point). Defendants argue that their appeal should not be certified as frivolous because it raises a legal issue. *See Felders v. Malcom*, 755 F.3d 870, 878 n.2 (10th Cir. 2014).

Pursuant to the jurisdictional briefs ordered, the Tenth Circuit will consider the issue on which Plaintiff bases her argument that the appeal is frivolous.  Because the jurisdictional issue is currently before the Tenth Circuit, and because this Court does not want to proceed piecemeal on this case, the Court will grant Defendants' motion for a stay of all proceedings, on all counts, pending the Tenth Circuit's resolution of the appeal.

**IT IS THEREFORE ORDERED THAT** Defendants' *Motion and Memorandum in Support of Motion To Stay Proceedings Pending Defendant's Interlocutory Appeal* [Doc. 38] is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE