**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ELVIA CORDERO, as Personal Representative
of the ESTATE OF ROBERT MONTES,

      **Plaintiff,**

    vs.                        **Civ. No. 13-031 JCH/GBW**

TODD FROATS, PETER BRADLEY, and
CODY AUSTIN, Individually and in Their
Official Capacity as Members of the Las Cruces
Police Department, and CITY OF LAS CRUCES,

      **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on *Defendants' Motion and Supporting Memorandum To Exclude Expert Testimony at Trial*.   [Doc. 112]   Plaintiff filed a response [Doc. 114], and Defendants filed a reply [Doc. 118].

Having reviewed the motion, briefs, and relevant law, the Court concludes that the motion should be granted in part and denied in part.   The Court will exclude Plaintiff from presenting evidence from the following experts:   Matthew Noedel, Dr. Craig Uchida, and Jennifer Otto.   The Court will not at this time exclude expert evidence from Officer Norman Rhoades, Deputy Robert Jones, and Joe Foster.

**PROCEDURAL BACKGROUND**

Plaintiff filed the original complaint on January 11, 2013, against:   Todd Froats, Peter Bradley, and Cody Austin (current or former employees of the Las Cruces Police Department) in

their individual and official capacities; and also against the City of Las Cruces ("City").  [Doc. 1]  The original complaint asserted four claims:  (1) Count I—excessive force causing the death of Montes, in violation of his federal constitutional rights; (2) Count II—gross negligence in use of deadly force under the New Mexico Tort Claims Act ("NMTCA"), NMSA 1978, §§ 41-4-1 to -27 (2015); (3) Count III—supervisory liability of the City and spoliation of evidence; and (4) Count IV—an independent claim of punitive damages.  [Doc. 1]

Defendants moved for qualified immunity and summary judgment.  [Doc. 18]  On January 9, 2015, the Court issued a Memorandum Opinion and Order.  [Doc. 34]  The Court denied Defendants qualified immunity, thus denying summary judgment on Counts I and II, and denying summary judgment on the same basis with respect to the excessive force claim under Count III.  The Court granted Defendants' motion for summary judgment on Count III with respect to the spoliation of evidence claim.  The Court granted Defendants' motion as to the assertion of punitive damages under Count IV as an independent cause of action; the Court dismissed Count IV as a separate count, but made no ruling on the availability of punitive damages in future proceedings.

Defendants filed for interlocutory appeal on February 9, 2015.  [Doc. 37]  On September 2, 2015, the Tenth Circuit issued an Order dismissing Defendants' appeal for lack of jurisdiction. [Doc. 50]

On December 4, 2015, Plaintiff filed a motion to amend the complaint, adding Sanchez as a Defendant and making additional changes.  [Doc. 65]  Defendants filed a response, stipulating to filing of an amended complaint under the following conditions:  (1) Count III's claim for spoliation and Count IV's claim for an independent cause of action for punitive damages must be removed, based on this Court's January 9, 2015, Memorandum Opinion and

Order [Doc. 34]; (2) Officer Sanchez shall not waive any defense by virtue of this stipulation—including any claims based on sufficiency of the complaint, statute of limitations, relation back to the original filing date, or notice under Federal Rule of Civil Procedure 15.  [Doc. 67]  Based on this agreement, the Court issued the *Stipulated Order Granting Plaintiff's Motion To File First Amended Complaint (Doc. 65)*.  [Doc. 70 (filed 1/6/16)]  On January 7, 2016, Plaintiff filed the First Amended Complaint ("FAC").[1]  [Doc. 71]

Elvia Cordero filed an unopposed motion to be appointed personal representative of the estate of Robert Montes for the limited purpose of pursuing this lawsuit under the New Mexico Wrongful Death Act.  [Doc. 109]  The Court filed an order granting the motion and appointing Elvia Cordero as personal representative.  [Doc. 110]

On February 1, 2016, Defendant Sanchez filed a motion to dismiss the FAC.  [Doc. 78]  In a Memorandum Opinion and Order filed May 20, 2016, the Court dismissed Sanchez as a defendant, but did not dismiss the FAC itself.  [Doc. 105]

Count III of the FAC asserts two claims against the City:  (1) a claim of excessive force under § 1983, and (2) a claim under the NMTCA of grossly negligent use of deadly force.  On February 1, 2016, the City filed a motion to dismiss the NMTCA claim against the City.  [Doc. 80]  In a Memorandum Opinion and Order filed May 20, 2016, the Court granted the City's motion to dismiss the state law claim under Count III.  [Doc. 106]

---

[1] The FAC deleted the spoliation claim and Count IV, as stipulated.  The Court notes, however, that an additional undiscussed and unapproved change was made from the proposed amended complaint [Doc. 65-1] attached to Plaintiff's motion [Doc. 65]; the FAC filed also deleted ¶¶ 22-23 of the proposed amended complaint [Doc. 65-1, p. 5, ¶¶ 22-23].

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(a)(2) makes disclosure of expert testimony mandatory. Rule 26(a)(2) establishes the requirements and timing for disclosure of expert witnesses:

(**2**) *Disclosure of Expert Testimony*.

(**A**) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(**B**) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(**i**) a complete statement of all opinions the witness will express and the basis and reasons for them;
(**ii**) the facts or data considered by the witness in forming them;
(**iii**) any exhibits that will be used to summarize or support them;
(**iv**) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(**v**) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(**vi**) a statement of the compensation to be paid for the study and testimony in the case.

(**C**) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(**i**) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
(**ii**) a summary of the facts and opinions to which the witness is expected to testify.

(**D**) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

> **(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> **(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to comply with the discovery requirements of Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." The determination of whether a violation of Rule 26(a) is justified or harmless is entrusted to the court's "broad discretion." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). In making this determination, the court should consider: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

Expert reports "are intended not only to identify the expert witness, but also 'to set forth the substance of the direct examination.'" *Jacobsen*, 287 F.3d at 953 (quoting Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment). The Rule requires "a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment. The advisory committee's comments imply that the report should be comprehensive enough so that there is often no need to depose the expert, stating that "in many cases the report may eliminate the need for a deposition." *Id.*

**DISCUSSION**

On November 10, 2015, the Court set February 8, 2016, as the deadline for Plaintiff to identify in writing any expert witness and to provide expert reports or other disclosures under Federal Rule of Civil Procedure 26(a)(2)(B)-(C).  [Doc. 60, p. 2]  Defendants state that they agreed to give Plaintiff an additional seven days, making Plaintiff's disclosures due February 15, 2016.  [Doc. 112, p. 2 n.3]  On February 17, 2015, the Court entered a stipulated order extending the scheduling deadlines by thirty days.  [Doc. 88]  Allowing the seven-day and thirty-day extensions, Plaintiff's deadline for expert identification and reports was March 15, 2016.

On March 15, 2016, Plaintiff filed "Plaintiff's Expert Witness Disclosures," identifying as experts:  Matthew Noedel; Officer Norman Rhoades; Officer Ricky Herrera (and/or other investigating officers with the NMSP); Robert Jones (Retired DAC Officer); and Mario Rascon, M.D. (or a designated representative), O.M.I.[2]  [Doc. 91]  Defendants argue that all of Plaintiff's expert disclosures violate Rule 26, Defendants are prejudiced as a result, and Plaintiff lacks justification for noncompliance.  Defendants ask the Court to exclude Plaintiff's experts from testifying and offering any evidence at trial.[3]

Plaintiff responds that "Defendants delayed this case for years by filing a motion for summary judgment and subsequent appeal which Plaintiff believes were clearly frivolous." [Doc. 114, p. 1]  Despite Plaintiff's belief, the Court notes that the Court declined to certify the appeal as frivolous.  [Doc. 49; Doc. 105, p. 9 n.4]  Plaintiff argues that she "exercised all possible due diligence."  [Doc. 114, p. 1]

---

[2] Plaintiff's expert witness disclosure also identified Jonathan C. Broyles, but Plaintiff voluntarily withdrew Broyles as an expert witness.  [Doc. 114, p. 1]
[3] Defendants do not move to exclude Mario Rascon.

## I. Plaintiff's Expert Matthew Noedel

On March 15, 2016, Plaintiff filed "Plaintiff's Expert Witness Disclosures" with the Court.  [Doc. 91][4]  Plaintiff identified Matthew Noedel as a forensic scientist and included a four-page report dated February 24, 2016.  [Doc. 91-1]  Because Noedel is an expert witness "retained or specially employed to provide expert testimony in the case," a written report was required under Rule 26(a)(2)(B).  Rule 26 requires that report to contain "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them."  Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii).

As Defendants state, the report from Noedel which was filed with the Court includes two representations of an "anatomically reasonable male computer model" with lines depicting "reconstructed bullet paths with the model standing with hands apart and with the model oriented with his hands together and behind his back (simulating a handcuffed orientation)."  [Doc. 91-1, p. 1]  The report includes the following statements:

> **Examination/Results**
>
> The following assessments were conducted using commonly accepted forensic methods, protocols and techniques in shooting scene reconstruction.  These observations and findings are reported to a reasonable degree of scientific certainty.
>
> *Bullet Path Evaluation*
>
> The paths of each fired bullet as described in the autopsy report and observed in autopsy images were approximated onto an anatomically reasonable male computer model to evaluate the bullet paths.  Figures 1 and 2 depict the reconstructed bullet paths with the model standing with hands apart and with the model oriented with his hands together and behind his back (simulating a hand cuffed orientation).

---

[4] The Court docket notes "filed in error" for Doc. 91.  The Court refers to this document because Defendants do so, noting that they do not attach the documents to their motion because they were filed with the Court.  [Doc. 112, p. 2 n.4]  Plaintiff's response attaches additional pages of the report.  [Doc. 114-2]

Further assessment, testing and reconstruction of this event would require additional information in the form of police reports, police statements, witness statements and associated data.

[Doc. 91-1, p. 1]   Noedel's report also includes the following statement, suggesting the possibility of a supplemental report in future:

> *This assessment was conducted with the materials and information provided. Should additional relevant information or evidence become available, or if the direct examination of additional physical evidence related to this event is conducted, a supplemental report may need to be generated to incorporate the new information or evidence.*

[Doc. 91-1, p. 1]

Defendants argue that Plaintiff failed to comply with Rule 26(a)(2)(B).   Although Plaintiff provided a written report from Noedel, Defendants argue that "it is unclear to what opinion [Noedel] will actually testify."  [Doc. 112, p. 6]

Rule 26 requires "a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment.   The advisory committee's comments imply that the report should be comprehensive enough so that there is often no need to depose the expert, stating that "in many cases the report may eliminate the need for a deposition."  *Id*.   "'The purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial.'" *Dahlberg v. MCT Transp., LLC*, 571 Fed. Appx. 641, 648 (10th Cir. 2014) (quoting *Cook v. Rockwell Int'l Corp.*, 580 F.Supp.2d 1071, 1122 (D. Colo. 2006)).   Disclosure should provide "'a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert

testimony from other witnesses.'" *Jacobsen*, 287 F.3d at 953 (quoting  Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment).

Noedel's report shows computer generations of reconstructed bullet paths based on two possibilities, "with the model standing with hands apart and with the model oriented with his hands together and behind his back (simulating a hand cuffed orientation)."  [Doc. 91-1, p. 1]  Defendants argue that there is no actual opinion in the report—with Noedel saying nothing further about either possibility.

Plaintiff states that she first contacted Noedel in 2012.  Plaintiff asserts that Noedel's "complete work product was provided to Defendants on or about June 8, 2015, when it was filed with the Tenth Circuit," and attaches five additional pages of reconstructions (not filed with this Court as part of Doc. 91).  [Doc. 114, pp. 4-5; Doc. 114-2]  Plaintiff does not respond to Defendants' argument that Noedel's report fails to include "a complete statement of all opinions the witness will express and the basis and reasons for them," as required by Rule 26(a)(2)(B)(i).

Defendants argue that Noedel's report does not contain any actual opinion; it is unclear what Noedel would testify about the possibilities shown.  The report is required to contain "a *complete* statement of all opinions the witness will express and the basis and reasons for them." *Dahlberg*, 571 Fed. Appx. at 648.  Noedel's report does not "set forth the substance of the direct examination," and therefore does not satisfy the purposes of expert disclosure—allowing Defendants to prepare for effective cross-examination, prepare for any deposition, and determine whether they need to obtain an opposing expert.  *See id*.; *Jacobsen*, 287 F.3d at 953; Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment.  The report fails to "outline[], in pertinent part, the opinions that will be expressed at trial by the expert witness."  *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011).  Noedel's report does not

eliminate the danger of unfair surprise; Defendants are not informed of what opinion Noedel would give.   In particular, Defendants were not given sufficient information to determine whether they needed to obtain an opposing expert; if they did obtain an expert, they would have no "opinions" from Noedel for that expert to review.

Defendants also argue that Noedel's report is incomplete.   The written report must contain "a *complete* statement of all opinions the witness will express."   *Dahlberg*, 571 Fed. Appx. at 645 (emphasis added by Tenth Circuit).   The report expressly states that further assessment would require receipt of "additional information in the form of police reports, police statements, witness statements and associated data," and suggests the possibility of a supplemental report (which was not provided).   [Doc. 91-1, p. 1]  Plaintiff does not indicate, however, that a supplemental report is forthcoming.  Rule 26(a)(2) requires a complete report to be provided by the deadline; a preliminary report does not comply with the Rule.  *Kern River Gas Transmission Co. v. 6.17 Acres of Land*, 156 Fed. Appx. 96, 102 (10th Cir. 2005).   In addition, any supplemental report would be long after the discovery deadline.  *See Henderson v. Nat'l R.R. Passenger Corp.*, 412 Fed. Appx. 74, 81-83 (10th Cir. 2011) (unpublished)[5] (upholding exclusion of expert report, when initial report indicated necessity to review additional information to complete the analysis and supplemental report was submitted six months after discovery deadline).

Plaintiff faults Defendants for not deposing Noedel.  [Doc. 114, p. 2]  Plaintiff asserts that Defendants could have deposed Noedel, and states that Defendants have "never asked Plaintiff to supplement or clarify Mr. Noedel's opinions."  [Doc. 114, p. 5]  But it was not Defendants' obligation to depose Noedel in order to find out what his opinions were; Plaintiff's

---

[5] The Court cites this and other unpublished opinions for their persuasive value.  *See* 10th Cir. R. 32.1(A).

disclosure was required to provide that information.  The advisory committee's comments imply that the expert's report should be comprehensive enough so that there is often no need to depose the expert, stating that "in many cases the report may eliminate the need for a deposition."  *Id*. Plaintiff cannot shift the burden for her inadequate disclosure onto Defendants.  *See Jones v. Colorado Cas. Ins. Co.*, 2015 WL 6123125, *5 (D. Ariz. 2015) (unpublished) (concluding that party is entitled to summary of expert opinion before taking any deposition, and that it is unreasonable to expect a party to take deposition to remedy incomplete report in short time frame).

Plaintiff makes no attempt to justify a failure to provide more complete information, including "a complete statement of all opinions" to which Noedel would testify.  The Court determines that Plaintiff violated the discovery rule, and that the violation is not harmless.  *See Jacobsen*, 287 F.3d at 953 (setting forth factors to consider under Rule 37(c)(1)); *Woodworker's Supply, Inc.*, 170 F.3d at 993 (same).  Defendants are prejudiced in their ability to prepare for trial, prepare for depositions or pretrial motions, and to prepare for effective cross-examination. Without having yet been provided with a complete report, including opinions, Defendants would be subjected to unfair surprise.  With the trial set to begin in less than two months, the Court finds that there is no reasonable ability to cure any prejudice without disrupting the trial schedule and unduly delaying the case.  Although the Court does not see evidence of bad faith or willfulness, Plaintiff provides no basis for the Court to find that Plaintiff's discovery violation was substantially justified.  *See Jacobsen*, 287 F.3d at 954 (stating that good faith alone is not enough to overcome other factors).

If, however, Noedel's report were to be taken at face value, and to constitute merely an opinion on the angles and directions of the bullet paths based on two possible positions of the

11

victim, Plaintiff has provided no basis on which the Court could conclude that such limited testimony would be relevant or helpful to the factfinder.  Expert witness evidence is inadmissible if it would not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).  Plaintiff has provided no argument or evidence that Noedel's testimony on bullet paths is relevant per se, nor has she argued that it would become relevant based on other evidence.  Based on the record currently before the Court, the Court concludes that Noedel's evidence as shown in his report is inadmissible because it would not help the factfinder determine a fact in issue.

Having considered all of the circumstances, together with the relevant factors, the Court concludes that Noedel's expert evidence should be excluded.  *See Jacobsen*, 287 F.3d at 953; *Woodworker's Supply, Inc.*, 170 F.3d at 993.  The Court finds that Plaintiff's failure to comply with Rule 26 is neither substantially justified nor harmless, and that exclusion is warranted under Rule 37(c)(1).

## II.  Officer Norman Rhoades, Officer Ricky Herrera, and Deputy Robert Jones

Plaintiff lists in his expert witness disclosures:  Officer Norman Rhoades, Officer Ricky Herrera (and/or other investigating officers with the NMSP), and Robert Jones (Retired DAC Officer.  [Doc. 91, p. 2]  Defendants argue that these three witnesses must be excluded because Plaintiff provided no information beyond listing their names.

Plaintiff states that "many other witnesses in this case may be qualified to give expert opinions in various areas if qualified under Fed. R. Evid. 702," and further states that expert witnesses who are not retained are not required to provide expert reports under Rule 26(a)(2)(B). [Doc. 114, p. 4 n.4]  Plaintiff argues that the testimony of Rhoades and Jones would be "based on work they performed at the request of the City and LCPD," that Defendants "know fully and

completely what these witnesses will say at trial," and that they have been deposed.  [Doc. 114, pp. 5-6]

Plaintiff is correct that Rule 26(a)(2)(B) does not require a written report from these witnesses, who were not "retained or specially employed to provide expert testimony in the case."   But Defendants are correct that Plaintiff overlooks other requirements of Rule 26. Disclosure of non-retained experts is still mandatory, by the deadline set by the Court.  Fed. R. Civ. P. 26(a)(2)(A), (D).  For non-retained experts, it is still mandatory to disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

In 2010 Rule 26 was amended, adding Rule 26(a)(2)(C) to "mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)B() and of the facts supporting those opinions."  Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.  "This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)."  *Id*.  "Courts must take care against requiring undue detail …."  *Id*.  A Rule 26(a)(2)(C) disclosure, however, must still satisfy the purpose of Rule 26 to eliminate unfair surprise; the opposing party must be provided with enough information about the expert's opinions and methodology to determine whether to take a deposition, prepare for deposition, determine whether to retain an opposing expert, and otherwise prepare for trial including cross-examination*. Dahlberg v. MCT Transp., LLC*, 571 Fed. Appx. 641, 648 (10th Cir. 2014) (citing *Cook v. Rockwell Int'l Corp.*, 580 F.Supp.2d 1071, 1122 (D. Colo.2006)); *Hayes v. Am. Credit Acceptance, LLC*, 2014 WL 3927277, *3 (D. Kan. 2014) (unpublished); *Kazmierski v. Bonafide Safe & Lock, Inc.*, 2015 WL 10070324, *2 (E.D. Wis. 2015) (unpublished); *Jones v. Colorado Cas. Ins. Co.*, 2015 WL 6123125, *3 (D. Ariz. 2015)

13

(unpublished).  "[M]ere reference to unspecified testimony is insufficient under this standard." *Ingram v. Novartis Pharm. Corp.*, 282 F.R.D. 563, 565 (W.D. Okla. 2012).  Stating only that the witness will testify consistently with deposition testimony, or with information contained in a large file or other body of information, is generally insufficient.  *Hayes*, 2014 WL 3927277, *3; *A.R. by Pacetti v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 2013 WL 5462277, *2-4 (D. Colo. 2013) (unpublished).  Instead, the disclosure must "summarize actual and specific opinions," with a brief account stating the main points of the anticipated testimony.  *Hayes*, 2014 WL 3927277, *3; *Chambers v. Fike*, 2014 WL 3565481, *7 (D. Kan. 2014) (unpublished).  Failure to comply with Rule 26(a)(2)(C) may justify exclusion.  *See A.R.*, 2013 WL 5462277, *4 (discussing considerations relevant to decision to exclude or to allow supplementation).

Plaintiff's disclosure regarding Rhoades, Herrera, and Jones is plainly inadequate under Rule 26(a)(2)(C).[6]  Plaintiff's disclosure makes only a general and conclusory statement, regarding all three witnesses, that these witnesses "may be asked to provide expert opinions and testimony based on their experience and areas of expertise."  [Doc. 91, p. 2]

Defendants argue that they did not name these witnesses as experts and "have no idea how [Plaintiff] will utilize them in a specialized capacity."  [Doc. 118, p. 5]  Defendants state that some of these witnesses were deposed, but they "cannot be expected to guess what [Plaintiff] has in store."  [Doc. 118, p. 5]

The purpose of the expert disclosure rules, including Rule 26(a)(2)(C), is to prevent unfair surprise and to allow the opposing party to prepare for trial.  Trial is currently set for November 14, 2016.  The Court observes that it has not been informed of any effort by Plaintiff

---

[6] As Defendants argue in their reply, Plaintiff made no response to the motion to exclude Officer Herrera.  [Doc. 118, p. 5 n.2]  This is an additional basis on which the Court could exclude Herrera.

to supplement its disclosures, even though Plaintiff knew of Defendants' objection at latest by June 29, 2016, when Defendants filed their motion to exclude.  In addition, Plaintiffs appear to have delayed the completion of briefing on this issue, filing their response one month after Defendants' motion was filed.  Plaintiff's actions, or inactions, have thus shortened the time remaining before trial in which any cure could be attempted.

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to comply with the discovery requirements of Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."  Despite the mandatory language of Rule 37(c)(1), the Court has "broad discretion" to determine whether to strike the witnesses or whether another course of action may cure potential prejudice.  *Jacobsen*, 287 F.3d at 953; *see* Rule 37(c)(1)(C).  In determining whether the failure was substantially justified or harmless, the Court is required to consider the following factors:  prejudice or surprise, ability to cure, disruption of trial, and bad faith or willfulness.  *See Jacobsen*, 287 F.3d at 953; *Woodworker's Supply, Inc.*, 170 F.3d at 993. Defendants agree that there have been some depositions of these witnesses.  But since Plaintiff failed to sufficiently identify the scope of intended expert testimony by these non-retained witnesses, the Court is currently unable to determine whether the failure to disclose would in fact cause prejudice or surprise to Defendants, and whether an order for Plaintiff to expeditiously provide the omitted information could cure any such prejudice or surprise.

The Court is concerned about the short time remaining before trial.  The Court concludes, however, that it will not, at this time, strike these three non-retained witnesses.  Instead, if Plaintiff intends to offer expert evidence from Rhoades, Herrera, and Jones at trial, Plaintiff is ordered to provide to Defendants, on or before September 30, 2016, the information required by

Rule 26(a)(2)(C): "the subject matter on which the witness is expected to present evidence," and "a summary of the facts and opinions to which the witness is expected to testify." Plaintiff is cautioned to provide information that is sufficiently detailed for Rule 26(a)(2)(C), as discussed above.

The Court grants leave to Defendants to renew their request to preclude expert evidence from any of these three witnesses, if appropriate. Once Plaintiff's proffered expert testimony has been sufficiently described, Defendants will be in a better position to determine whether they would be prejudiced or surprised by such testimony. And if Defendants determine that it is appropriate to renew their motion, the Court will be more fully informed on all of the relevant factors identified by *Jacobsen* and *Woodworker's Supply, Inc.*—including any uncured prejudice or surprise, particularly in view of the short time remaining before trial. The Court will then be in a better position to consider and weigh those factors in deciding whether the proffered expert testimony should be excluded.

## III.  Dr. Craig Uchida

Defendants argue that expert testimony from Dr. Craig Uchida should be excluded because Plaintiff never identified him as an expert. Defendants cite Plaintiff's answers to interrogatories as indicating Plaintiff's intention to rely on Uchida's report. [Doc. 112, p. 9; Doc. 112-3] Defendants argue that the provisions of Rule 26(a)(2)(A) and (B), for retained experts, are applicable and that Plaintiff never provided a written report. Defendants' reply states that Uchida offered testimony in a different case, which does not excuse Plaintiff from complying with disclosure requirements in this case.

Plaintiff assumes that Uchida would be a non-retained expert, because he was originally commissioned and paid by the City to prepare a report. [Doc. 114, pp. 5-6] Plaintiff asserts that

the City has had Uchida's report since 2009—in connection with a different case, and that Uchida's deposition was provided in connection with another motion in this case (the City's motion for partial summary judgment on Count III [Doc. 111]).  Plaintiff states that Uchida "was never paid by Plaintiff or her counsel."  [Doc. 114, p. 6]

As discussed in the preceding section (regarding Rhoades, Herrera, and Jones), Plaintiff's response appears to assume that she did not need to disclose Uchida if he was not a retained expert subject to the provisions of Rule 26(a)(2)(B).  Plaintiff asserts that Defendants knew what Uchida would say.  Plaintiff makes no attempt to justify her failure to follow the requirements of Rule 26(a)(2)(A) and (D) to disclose Uchida as an expert witness by March 15, 2016.  Plaintiff makes no attempt to justify her failure to comply with the requirement of Rule 26(a)(2)(C) to state in that disclosure "the subject matter" and "a summary of the facts and opinions" for Uchida's anticipated testimony.

Defendants argue that they would be prejudiced, since Plaintiff failed to identify what Uchida's testimony would be in this case.  They argue they do not know what portions of Uchida's deposition and report in a different case Plaintiff would use in this case, particularly since the previous case was "*factually* dissimilar to this case," and several years have gone by. [Doc. 118, pp. 6-7]

Plaintiff did not even list Uchida as an expert witness.[7]  In Plaintiff's response, she refers the Court to excerpts from Uchida's deposition testimony in a different case (*Hummell v. Rivera*). [Doc. 114, p. 6 n.5; Doc. 113-1]  Even if Plaintiff had properly filed a disclosure by March 15, 2016, her off-handed references to Uchida's deposition testimony and report, and in a different case, would not be sufficient to comply with Rule 26(a)(2)(C).  Stating only that the witness will

---

[7] Thus Plaintiff's discovery violation here is greater than with respect to Rhoades, Herrera, and Jones, who were listed as expert witnesses by the March 15, 2016 deadline.

testify consistently with deposition testimony, or with a report, is generally insufficient. *Ingram*, 282 F.R.D. at 565; *Hayes*, 2014 WL 3927277, *3. Considering all of the circumstances, together with the factors set forth in *Jacobsen* and *Woodworker's Supply, Inc.*, the Court concludes that Uchida's expert evidence should be excluded. The Court finds that Plaintiff's utter failure to comply with Rule 26 is neither substantially justified nor harmless, and that exclusion is warranted under Rule 37(c)(1).

The briefing and arguments presented to the Court appear to show that Plaintiff would present Uchida's expert evidence to support Count III of the FAC, as relevant to show a custom, policy, or practice of the City's police department. [Doc. 114, p. 6 n.5 (Plaintiff's response referring to Uchida deposition in another case); Doc. 112-3 (Plaintiff's response to interrogatories, stating that Uchida's evidence was relevant to show a custom, policy or practice under Count III of the FAC)] If Plaintiff would proffer Uchida's evidence as relevant only to Count III, the discovery violation becomes moot: The Court is issuing a contemporaneous Memorandum Opinion and Order granting the City's motion for partial summary judgment on the remaining claim of Count III.

## IV. Jennifer Otto and Joe Foster

It was not until January 5, 2016, that Plaintiff made a request for production and testing of the gun which, according to Defendants, Montes fired at officers. [Doc. 69] Defendants filed two responses. [Docs. 81, 83] On March 29, 2016, the Court entered the *Order Setting Parameters for Forensic Testing and Return of Evidence*, in order to allow testing while preserving Defendants' concern for the chain of custody. [Doc. 95] In that Order, the Court expressly recognized: "The City of Las Cruces reserves the right to move to exclude as untimely [or] for any other applicable reason any expert testimony and/or reports provided by Joe Foster,

Foster's Forensics LLC, and/or any other entity or individual Mr. Foster utilizes for additional testing including without limitation DNA analysis." [Doc. 95, p. 3] The Court ordered that the gun be delivered to Joe Foster of Foster Forensics, LLC, on or before March 28, 2016. [Doc. 95, p. 2]

Plaintiff did not identify Jennifer Otto and Joe Foster as experts before the March 15, 2016 deadline. Defendants attach to their Motion written reports from Otto and Foster, sent to Defendants on June 14 and June 22, 2016. [Doc. 112-1; Doc. 112-2] Otto's report, from the New Mexico Department of Public Safety Forensic Laboratories, states that she identified a partial DNA mixture of at least two individuals on the gun, but "no interpretation or comparisons can be made due to an insufficient quantity of DNA in the sample." [Doc. 112-1] Foster's report (Foster Forensics, LLC) states: "No workable latent prints were found on any of the listed items [gun, cartridges, casing]," and: "No ridge detail of any kind type or size was located on any of the listed items." [Doc. 112-2, p. 4]

As Defendants observe, Plaintiff's testing of the gun, cartridges, and casing could not even begin until after the deadline for expert witnesses and reports, yet Plaintiff made no motion to extend that deadline. [Doc. 112, p. 10] Defendants further state that Plaintiff did not ask them for an extension of time. [Doc. 118, p. 8] The Court rejects Plaintiff's repeated statements that its late disclosures are Defendants' fault, that Defendants unreasonably delayed the case with their motion for qualified immunity and appeal, or that Plaintiff "exercised all possible due diligence" in this case. [Doc. 114, pp. 1-2, 7-8]

Defendants argue that they are prejudiced by the late disclosure of Otto and Foster because Defendants "are now prevented from obtaining an expert of their own to review the reports and offer evidence at trial since discovery is closed." [Doc. 112, p. 11] The deadline for

19

Defendants' expert disclosure was in April 2016.  In addition, Defendants assert that Plaintiff failed to comply with three requirements under Rule 26(a)(2)(B):  to provide the witness's qualifications, including a publications list; to provide a list of all other cases within the previous four years in which the witness gave expert testimony; and to provide a statement of the witness's compensation.  Fed. R. Civ. P. 26(a)(2)(B)(iv)-(vi).  Plaintiff responds that Foster's c.v. and list of cases was provided to Defendants before June 22, 2016.  [Doc. 114, p. 8]

Defendants also point out that Foster's report states that numerous photographs were taken and sent to Plaintiff's counsel.  [Doc. 112-2, pp. 4-7]  But the report from Foster which is attached to Defendants' motion does not include photographs, and Defendants state that they were not provided with any photographs.  [Doc. 112, p. 5]  Defendants argue that they are entitled to the photographs and that, even if they were now allowed to retain an expert to review Foster's work, that expert could not determine the reliability of Foster's (or Otto's) work without having the photographs.

The Court concludes that Plaintiff has violated the requirements of Rule 26, but will not exclude expert testimony and evidence from Foster at this time.  Although they have not had all of the information required by Rule 26(a)(2)(B), Defendants have had Foster's written report since June 2016.  Defendants are entitled to an opportunity to obtain an opposing expert to review and respond to Foster's evidence.  If Plaintiff intends to offer evidence from Foster at trial, Plaintiff is ordered to provide to Defendants, on or before September 30, 2016, all of the information required by Rule 26(a)(2)(B) not yet provided, together with all of the photographs referenced in Foster's report.  Defendants are allowed until October 28, 2016, to obtain and disclose an expert witness to review Foster's report and to present opposing evidence at trial.

Defendants' motion argues that Otto's opinion should be excluded for additional reasons. First, since Otto concluded that no interpretation or comparison could be made because the quantity of DNA was insufficient, Otto's opinion would not assist the trier of fact.  *See* Fed. R. Evid. 702.   Second, Plaintiff's response failed to make any argument opposing Defendants' motion to exclude Otto as an expert; Defendants' reply argues that this constitutes Plaintiff's consent to exclude Otto.  [Doc. 118, p. 7]  The Court agrees with Defendants' argument that Otto's inconclusive opinion would not assist the trier of fact.  *See* Fed. R. Evid. 702(a).  In addition, Plaintiff failed to argue against Defendants' motion to exclude Otto, and Plaintiff failed to respond to the asserted failure to comply with all of the requirements of Rule 26 with respect to Otto.  For all of these reasons, the Court will exclude Otto's expert evidence and testimony. As Defendants observe, Foster's report references and repeats Otto's testing and conclusion. [Doc. 112-2, pp. 2-4]  Because Otto's evidence and testimony will be excluded, the Court also orders that no reference to Otto's testing or conclusion be made at trial, either by Foster or by any other person or exhibit.

**IT IS THEREFORE ORDERED** that *Defendants' Motion and Supporting Memorandum To Exclude Expert Testimony at Trial* [Doc. 112] is **GRANTED in part** and **DENIED in part**, as discussed above.

**IT IS FURTHER ORDERED** that:

(1)  If Plaintiff still intends to proffer expert testimony from Officer Norman Rhoades, Officer Ricky Herrera, or Robert Jones, Plaintiff will provide, on or before September 30, 2016, **s**ufficient disclosure under Rule 26(a)(2)(C) with respect to each expert witness, including the expected subject matter of any expert testimony and a summary of the facts and opinions to which the expert witness is expected to testify; Defendants are granted leave to renew their motion to preclude expert testimony from these witnesses, if appropriate; and

(2)  If Plaintiff still intends to proffer expert testimony from Joe Foster, Plaintiff will provide, on or before September 30, 2016, all of the remaining information required by Rule 26(a) with respect to Foster; Defendants are granted leave to disclose, on or before October 28, 2016, an expert witness to respond to Foster's evidence and testimony.


_____

**UNITED STATES DISTRICT JUDGE**