IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELVIA CORDERO, as Personal Representative**
**of the ESTATE OF ROBERT MONTES,**

      **Plaintiff,**

      v.                                                    Civ. No. 13-031 JCH/GBW

**TODD FROATS, PETER BRADLEY, and**
**CODY AUSTIN, Individually and in Their**
**Official Capacity as Members of the Las Cruces**
**Police Department, and CITY OF LAS CRUCES,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

On September 27, 2016, Plaintiff filed a Motion to Confirm Jury Trial (ECF No. 124). Having reviewed the motion, briefs, record, and relevant law, the Court concludes that the motion should be denied and the trial in this case will be a bench trial.

**I.**    **BACKGROUND**

Plaintiff filed its initial Complaint on January 11, 2013. Compl., ECF No. 1. The Complaint did not include a jury demand. *Id.* The Civil Cover Sheet, however, contains a "Jury Demand" section stating, "CHECK YES only if demanded in complaint." Civil Cover Sheet, ECF No. 1-1. Plaintiff checked the box marked "Yes." *Id.* On February 27, 2013, defense counsel filed an Acceptance of Service, acknowledging "receipt of the Summons and Complaint on behalf of said Defendants, said documents having been filed with the U.S. District Court for the District of New Mexico." Acceptance of Service ¶ 2, ECF No. 8. Defense counsel waived issuance and service of formal process. *Id.* ¶ 3.

On April 23, 2013, Plaintiff filed a Joint Status Report, in which the parties marked the trial as a "non-jury case." Joint Status Report 18, ECF No. 12. In a First Amended Joint Status Report, filed by Plaintiff on October 22, 2015, the parties again marked the trial as a "non-jury case." Am. Joint Status Report 20, ECF No. 58.

With leave of the Court, Plaintiff filed the First Amended Complaint on January 7, 2016. Am. Compl., ECF No. 71. The First Amended Complaint also does not include a jury demand. *Id.*

On January 15, 2016, the Court set the case for "Jury Selection/Trial" on November 14, 2016. Notice, ECF No. 73. Because the Plaintiff had checked the Civil Cover Sheet "Yes" under jury demand, the docket sheet automatically indicated that Plaintiff had demanded a jury trial, and the Court filed the Notice accordingly, without confirming that the jury demand had in fact been made in any of the complaints.

On February 9, 2016, the Honorable Gregory B. Wormuth held a settlement conference in the case. Clerk's Minutes, ECF No. 84. Defendants assert that, "*after* the Clerk of Court noticed the matter for a jury trial pursuant to the erroneous civil coversheet, the issue was discussed at the parties' settlement conference, and … the Estate indicated to the Court that the matter was set for a bench trial." Defs.' Resp. 7, ECF No. 125. Plaintiff did not dispute this representation in her reply. *See* Pl.'s Reply, ECF No. 133.

Defendants assert that they intended to correct the clerk's notice by clarifying in the Pretrial Order the parties' intention to proceed by bench trial. *See* Defs.' Resp. 12, ECF No. 125. However, in September 2016, Plaintiff forwarded her version of the pretrial order, which stated a desire for a jury trial. *Id.* In the final version of the Pretrial Order, Plaintiff asserts that she properly requested a jury trial, and alternatively, if any technical defect exists, case law permits

2

the setting of a jury trial. *Id.* Defendants assert in the Pretrial Order that Plaintiff did not properly request a jury trial and that the case should be tried before the Court. *See id.*

After entering the Pretrial Order and with the trial date looming, the Court ordered expedited briefing on the issue. Order, ECF No. 121. Plaintiff subsequently filed her Motion to Confirm Jury Trial and briefing is now complete on the issue.

## II. ANALYSIS

### A. Plaintiff did not properly demand a jury trial under Rule 38

Rule 38(b) provides that a party may demand a jury trial by:

(1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
(2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b). Rule 5(d) provides, "Any paper after the complaint that is required to be served—together with a certificate of service—must be filed within a reasonable time after service." Fed. R. Civ. P. 5(d)(1). The failure to serve and file a jury demand properly waives a jury trial. Fed. R. Civ. P. 38(d). The parties may consent to the withdrawal of a proper jury demand. *Id.*

The civil cover sheet is an administrative aid to the court clerk and is not typically considered to be part of a party's pleading. *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989). Checking a jury demand box on the civil cover sheet alone generally is insufficient to meet Rule 38(b). *See Wall v. National R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983) (holding that checking jury demand box on civil cover sheet is insufficient to meet Rule 38(b) because civil cover sheet is administrative document to facilitate court's management of trial and is not served on opposing party, and thus cannot substitute for proper service); *Cochran v. Birkel*, 651 F.2d 1219, 1221 n.4 (6th Cir. 1981) (noting that checking box on civil cover sheet indicating

that jury had been demanded is insufficient under Rule 38 because rule requires demand be served upon other parties); *Omawale v. WBZ*, 610 F.2d 20, 22 (1st Cir. 1979) (same); *Bates v. Bd. of Regents*, 122 F.R.D. 586, 588-89 & n.5 (D.N.M. 1987) (indicating that there was no proper jury demand under Rule 38(b) where complaint contained no jury demand, but cover sheet showed a checkmark in box for jury demand that stated "Check YES only if demanded in complaint" but granting motion for jury trial under Rule 39(b) where parties operated under assumption that case would be tried to jury from outset). *See also Houston North Hosp. Properties v. Telco Leasing, Inc.*, 688 F.2d 408, 410 (5th Cir. 1982) (holding in removed case that mere appearance of words "jury requested" on docket cover sheet is insufficient to preserve right to jury trial absent showing that rule 81(c) or rule 38 has, in fact, been complied with).

The Second Circuit has stated that a timely served civil cover sheet with the "Jury Demand" box checked may constitute a proper jury trial demand because service gives notice to the opposing party of the demand. *See Favors*, 877 F.2d at 220. *See also Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996). The Second Circuit, however, in an unpublished case has suggested that allowing the court to rely on a civil cover sheet in lieu of the allegations in the complaint may be limited to cases in which the plaintiff was proceeding *pro se* or *in forma pauperis*. *Mavrommatis v. Carey Limousine Westchester, Inc.*, 476 F. App'x 462, 467 (2d Cir. Sept. 7, 2011) ("to the extent that we have expressed a willingness to permit a plaintiff to rely on a civil cover sheet in lieu of his complaint, we have done so where the plaintiff was proceeding *pro se* or *in forma pauperis*").

The parties dispute whether Plaintiff served the Civil Cover Sheet on Defendants. *Compare* Pl.'s Mot. 1, ECF No. 124, *with* Defs.' Resp. 4 n.3, ECF No. 125. Although Defendants accepted service of the summons and Complaint, the Civil Cover Sheet is not

typically considered a part of the pleading. The fact that the Civil Cover Sheet was on the docket sheet at the time of the acceptance of service does not establish that Plaintiff timely served the civil cover sheet. Nor do Plaintiff's Exhibits 1 and 2 establish that Defendants received a copy of the civil cover sheet from Plaintiff. *See* Pl.'s Mot. 4-5, ECF No. 124. Moreover, the exception for timely service of the cover sheet, even assuming it applies in a non-*pro se* case, is based on notice to the opposing party. Here, the two joint status reports in which Plaintiff and Defendants stipulated in writing to a non-jury trial shows that Defendants were *not* on notice that Plaintiff intended the notation on the Civil Cover Sheet to demand trial by jury. The record, instead, suggests that the notation itself appeared to be a mistake. Notably, Plaintiff did not attempt to correct the omission when filing the amended complaint. The Court therefore determines under the circumstances here that Plaintiff did not satisfy Rule 38(b)'s requirements to demand a jury trial. Alternatively, the Court concludes that the parties consented in the joint status reports to a bench trial under Rule 38(d). *Cf. West Ridge Group, LLC v. First Trust Co. of Onaga*, 414 F. App'x. 112, 115-17 (10th Cir. Feb. 23, 2011) (affirming denial of untimely jury request because, in scheduling order, parties stated they anticipated a "3-5 day bench trial" and district court found that plaintiff intentionally waived right to trial by jury).

### B.  The Court will not exercise its discretion to order a jury trial under Rule 39

Under Federal Rule of Civil Procedure 39(b), if a party fails to properly demand a jury trial, the court nonetheless "may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "The constitutional right to a jury trial under the Seventh Amendment is a fundamental right and 'the federal policy favoring jury trials is of historic and continuing strength.'" *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965) (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963)). A trial court's discretion

under Rule 39(b) is broad and reversible only upon abuse of discretion. *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980). "[A]bsent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) (*per curiam*). Nevertheless, it is not an abuse of discretion to deny relief under Rule 39(b) when the failure to make a timely jury demand results from mere inadvertence of the moving party. *Id.*

Defendants reasonably proceeded through pretrial discovery under the assumption that the case would be a bench trial. Plaintiff made repeated representations to Defendants, in writing in the two Joint Status Reports and orally at the settlement conference, that the case would be tried as a bench trial. Plaintiff offers no explanation for the failure to include a jury request beyond mere inadvertence. Nor does Plaintiff explain how "inadvertence" resulted in her affirmatively stating three times that the trial would be a bench trial or why it is unreasonable for Defendants to have justifiably relied on those representations.

Moreover, Plaintiff's representation at the settlement conference that trial of the case would be by the Court occurred *after* the Court administratively erred in setting the case for a jury trial. Allowing Defendants to continue with the reasonable belief that all parties consented to a bench trial and then belatedly requesting a jury trial at the time of preparation of the Pretrial Order, approximately three-and-one-half years after the filing of the complaint and mere months before trial, smacks of strategic gamesmanship. Defendants have persuasively shown prejudice because, in light of the many recent incidents of police shootings, had they known the trial would be before a jury, they would have used jury consultants and focus groups, selected different or additional experts with an eye toward more basic jury education, and prepared additional exhibits

to make the presentation more visual and tailored for those not familiar with § 1983 concepts. Discovery has closed and trial is imminent. It is unjust to allow Defendants to suffer any prejudice caused by the Court's administrative error. Although the Court recognizes the fundamental right to a jury trial, under these circumstances, there are strong and compelling reasons to deny the very untimely jury demand. *Cf. West Ridge Group, LLC*, 414 F. App'x. at 115-16 (affirming denial of untimely jury request filed almost ten months after filing of last pleading where, in scheduling order, parties stated they anticipated a "3-5 day bench trial" and late jury request appeared to be based on change in strategy); *Dill v. City of Edmond*, 155 F.3d 1193, 1208 (10th Cir. 1998) (holding that denial of jury trial was not abuse of discretion when plaintiff offered no excuse for untimely jury request, made almost a year and a half after original complaint was filed, and when plaintiff made no attempt to demonstrate that his untimely demand was due to anything other than inadvertence or oversight).

**IT IS THEREFORE ORDERED** that

1. Plaintiff's Motion to Confirm Jury Trial (**ECF No. 124**) is **DENIED**.
2. The trial of this case will be a **BENCH TRIAL**.
3. Following the entry of this Memorandum Opinion and Order, the Court will file an Amended Notice to reflect the change from jury to non-jury trial.

_____
**UNITED STATES DISTRICT JUDGE**