IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELVIA CORDERO, as Personal Representative
of the ESTATE OF ROBERT MONTES,**

      **Plaintiff,**

      vs.                                  Civ. No. 13-031 JCH/GBW

**TODD FROATS, PETER BRADLEY, and
CODY AUSTIN, Individually and in Their
Official Capacity as Members of the Las Cruces
Police Department, and CITY OF LAS CRUCES,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

On October 3, 2016, Defendants filed a Renewal of Request to Exclude Officer Norman Rhoades, Officer Ricky Herrera, Robert Jones, and Joe Foster as Experts (ECF No. 126). Plaintiff filed a "Response to Defendants' Renewed Request to Exclude Expert Testimony (Document No. 126) and Plaintiff's Motion for Reconsideration of this Court's Order to Exclude Expert Testimony at Trial (Document No. 122)." Pl.'s Resp., ECF No. 129. This Court's prior Memorandum Opinion and Order excluded Plaintiff from presenting evidence from the following experts: Matthew Noedel, Dr. Craig Uchida, and Jennifer Otto. Mem. Op. and Order 12, 18, 21, ECF No. 122. Plaintiff asks the Court to reconsider its decision excluding these three witnesses. Having reviewed the motions, briefs, and relevant law, the Court concludes that Defendants' renewed motion to exclude should be granted as to Joe Foster but denied as to Officer Norman Rhoades, Officer Ricky Herrera, and Deputy Robert Jones. The Court will deny Plaintiff's motion to reconsider the Court's Memorandum Opinion and Order (ECF No. 122), and thus evidence from Mr. Noedel, Dr. Uchida, and Ms. Otto will be excluded.

    **I.**        **BACKGROUND**

On January 5, 2016, Plaintiff requested production and testing of the gun that the decedent, Robert Montes, allegedly fired at officers. *See* Certificate of Service, ECF No. 69. On March 29, 2016, the Court entered an Order Setting Parameters for Forensic Testing and Return of Evidence, allowing testing but recognizing Defendants' reservation of right to move to exclude as untimely or for any other applicable reason any expert testimony or reports provided by Joe Foster. Order, ECF No. 95.

On March 15, 2016, Plaintiff filed Expert Witness Disclosures (ECF No. 91). As relevant here, Plaintiff identified Matthew Noedel as a retained expert in forensic science and included his four-page report, curriculum vitae ("CV"), list of testimony, and fee schedule. Pl.'s Expert Witness Disclosures ¶ 1, ECF No. 91-1; Noedel Report, ECF No. 91-1; Noedel CV, ECF No. 91-2. Plaintiff also identified the following non-retained experts: Officer Norman Rhoades, Officer Ricky Herrera, Robert Jones, and Mario Rascon, M.D., OMI. Pl.'s Expert Witness Disclosures ¶ 3, ECF No. 91. Plaintiff offered no additional information regarding these non-retained experts beyond listing their names. *See id.* Nor did Plaintiff identify Joe Foster, Jennifer Otto, or Dr. Uchida as experts. *See id.* ¶¶ 1-4.

Plaintiff sent Defendants reports from Jennifer Otto and Joe Foster on June 14 and June 22, 2016, respectively. *See* Facsimile of Laboratory Report, ECF No. 112-1 at 2 of 2; Letter dated June 22, 2016, ECF No. 112-2 at 1 of 7. Ms. Otto's report, from the New Mexico Department of Public Safety Forensic Laboratories, states that she identified a partial DNA mixture of at least two individuals on the gun, but "no interpretation or comparisons can be made due to an insufficient quantity of DNA in the sample." Laboratory Report, ECF No. 112-1. Plaintiff hired Mr. Foster to process the handgun, cartridges and casing for latent fingerprints. Foster's Report, ECF No. 112-2 at 2-3 of 7. Mr. Foster's report states that no workable latent prints and no ridge detail of any kind were found on any of the items. *Id.* at 4 of 7. Mr. Foster

took over 100 photographs during his testing, prepared and attached a photo log, and noted in his report that he would print a set of photographs and compact disks to send to Plaintiff's counsel. *Id.* at 4-7 of 7.

Defendants filed a motion to exclude expert testimony from Mr. Noedel, Dr. Uchida, Officer Norman Rhoades; Officer Ricky Herrera; Robert Jones, Ms. Otto, and Mr. Foster.[1] Defendants argued that Mr. Noedel's written report failed to comply with Rule 26(a)(2)(B) because the report did not make clear to what opinion Mr. Noedel would actually testify. As to Dr. Uchida, Defendants asserted his expert testimony should be excluded because Plaintiff never identified him as an expert. Defendants argued that Plaintiff failed to provide the subject matter of and a summary of expected testimony under Rule 26(a)(1)(C) of Norman Rhoades, Ricky Herrera, and Robert Jones. Defendants moved to exclude testimony from Joe Foster and Jennifer Otto based on untimeliness and failure to comply with certain requirements under Rule 26(a)(2)(B). In particular, Defendants stated that neither expert provided a resume, CV, or other list of qualifications along with a list of publications authored in the last ten years, if any, under Rule 26(a)(2)(B)(ii); they did not list cases they had been involved in the past four years and the nature of their participation, under Rule 26(a)(2)(B)(v); and they did not provide a statement of compensation or respective rates for testifying, under Rule 26(2)(B)(vi). Defendants also asserted that Plaintiff failed to provide the photographs referred to in Mr. Foster's report. Finally, as to Ms. Otto, Defendants argued her opinion is unhelpful to the trier of fact since she merely stated that two persons' DNA are on the gun, but there are insufficient amounts of DNA to make any interpretation or comparisons.

---

[1] Defendants also moved to exclude Plaintiff's expert witness Jonathan C. Broyles, but Plaintiff voluntarily withdrew Mr. Broyles as an expert witness. *See* Pl.'s Resp. 1, ECF No. 114.

On September 27, 2016, this Court entered a Memorandum Opinion and Order granting in part and denying in part Defendants' motion to exclude expert testimony at trial. After concluding that Mr. Noedel's report violated Rule 26 by failing to state what his opinions would be and that the violation was not harmless and was without justification, the Court excluded his testimony under Rule 37(c)(1). Mem. Op. and Order 9-12, ECF No. 122. The Court also excluded the testimony from Dr. Uchida based on Plaintiff's failure to list him as an expert witness or to offer any justification for the omission, finding the violation of Rule 26 not to be harmless. *Id.* at 17-18. Finally, the Court excluded Ms. Otto's opinions because her inconclusive opinion would not assist the trier of fact and Plaintiff never responded to Defendants' argument that Plaintiff did not comply with all the requirements of Rule 26 as to Ms. Otto. *Id.* at 21.

Rather than exclude the remaining experts, the Court gave Plaintiff an opportunity to cure the prejudice it found from Rule 26(a) violations. With regard to Mr. Foster, the Court stated: "If Plaintiff intends to offer evidence from Foster at trial, Plaintiff is **ordered** to provide to Defendants, on or before September 30, 2016, all of the information required by Rule 26(a)(2)(B) not yet provided, **together with all of the photographs referenced in Foster's report**." *Id.* at 20 (bold added). As for the non-retained experts, the Court concluded that the disclosures for the officers were inadequate under Rule 26(a)(2)(C), but the Court was unable to determine whether the failure to disclose would cause prejudice or surprise, and thus, declined to strike the witnesses. *Id.* at 14-15. The Court instead ordered Plaintiff to provide to Defendants, in accordance with Rule 26(a)(2)(C), the subject matter and summary of facts and opinions of the expected testimony of Norman Rhoades, Ricky Herrera, and Robert Jones, and granted leave to Defendants to renew their request to preclude expert evidence from these three witnesses, if appropriate. *Id.* at 15-16.

## II. STANDARD

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to comply with the discovery requirements of Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Despite the mandatory language of Rule 37(c)(1), the Court has "broad discretion" to determine whether to strike the witnesses or whether another course of action may cure potential prejudice. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). In determining whether the failure was substantially justified or harmless, the Court is required to consider the following factors: prejudice or surprise, ability to cure, disruption of trial, and bad faith or willfulness. *Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

## III. ANALYSIS

### A. Defendants' Renewal of Motion to Exclude Officer Norman Rhoades, Officer Ricky Herrera, Deputy Robert Jones, and Joe Foster

#### 1. Officer Norman Rhoades, Officer Ricky Herrera, and Deputy Robert Jones

Defendants argue the testimony of Rhoades, Herrera, and Jones should be excluded under Rule 26(a)(2)(C) because Plaintiff did not provide the subject matter on which the witnesses would present evidence or a summary of the facts and opinions to which they are expected to testify. Defs.' Renewed Mot. 1, ECF No. 126. Plaintiff contends that all three of these witnesses worked for the City of Las Cruces to assist in their investigation and are fact witnesses who are qualified to offer expert opinions, depending on the course and scope of testimony elicited at trial. Pl.'s Resp. 5-6, ECF No. 129. Specifically, Plaintiff asserts that Investigator Rhoades will testify to working under the direction of a civilian evidence technician collecting evidence at the scene and will testify that evidence from the gun should have been preserved. *Id.* Plaintiff asserts

that Deputy Jones will testify concerning his use of a metal detector to find a missing bullet, and that Officer Herrera will testify to his limited role in assisting with witness interviews. *Id.* at 5. Plaintiff contends that all three witnesses were deposed and their opinions are contained in their depositions, the relevant portions of which Plaintiff attached. *Id.* at 5-7; Pl.'s Ex. 1-3, ECF Nos. 129-1 to 129-3.

For non-retained experts, it is mandatory to disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The disclosure required of non-retained expert witnesses is considerably less extensive than a retained expert report. Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. A Rule 26(a)(2)(C) disclosure, however, must still satisfy the purpose of Rule 26 to eliminate unfair surprise and to provide enough information to the opposing party about the expert's opinions and methodology to prepare for a deposition, any pretrial motions, and trial. *Dahlberg v. MCT Transp., LLC*, 571 F. App'x 641, 648 (10th Cir. July 8, 2014) (citing *Cook v. Rockwell Int'l Corp.*, 580 F.Supp.2d 1071, 1122 (D. Colo. 2006)).

Plaintiff inexplicably failed to take advantage of the Court's opportunity to satisfy the requirements of Rule 26(a) and provide the requisite summary. Plaintiff offered no justification for failing to provide any sort of summary, even after the Court explained in its opinion that numerous courts have concluded that the rule does not permit parties to rely solely on depositions, without a separate summary. Plaintiff complains that asking Plaintiff "to jump through some hoop to restate the obvious would exalt form over substance." Pl.'s Resp. 7, ECF No. 129. The "hoop," however, is expressly required by Rule 26(a)(2)(C) and is not onerous.

Despite Plaintiff's utter lack of justification in adhering to Rule 26(a)(2)(C), the Court has reviewed the testimony in the depositions and finds that the witnesses are primarily fact

witnesses. The expert opinion testimony is limited and based on personal knowledge or experience to explain what each witness was doing for the investigation, or what investigators should have done to properly process the evidence. Defendants know what the testimony will be and will not be prejudiced from the inclusion of expert opinions as hereby limited. *Cf. ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1177 (10th Cir. 2011) (concluding that Biamp was able to cure some, if not all, prejudice by deposing opponent's expert). Accordingly, because Plaintiff's failure to comply properly with Rule 26(a) is harmless, the Court will allow the non-retained experts to provide expert testimony, limited to the opinions expressed in their depositions.

### 2. Joe Foster

As an initial matter, it is unclear whether Plaintiff provided Mr. Foster's CV and list of cases. In Plaintiff's response to Defendants' initial motion to exclude, counsel stated that he provided Foster's CV and list of cases to Defendants before June 22, 2016. Pl.'s Resp. 8, ECF No. 114. Defendants, however, continue to assert that Plaintiff did not provide them. Defs.' Renewed Mot. 1-2, ECF No. 126. The Court need not resolve this factual matter, however, because Plaintiff failed to comply with other requirements of Rule 26(a)(2).

In Plaintiff's response, counsel explains the delay in getting Mr. Foster's report, but offers no explanation for not requesting an extension of expert disclosure deadlines. Nevertheless, the Court did not find a violation of Rule 26 based on timeliness alone. Plaintiff's counsel has not stated that he has provided a statement of compensation, as required by Rule 26(a)(2)(B)(vi). Plaintiff also offers no explanation for why he did not disclose the photographs Mr. Foster took during his fingerprint analysis, as required by the Court in its Memorandum Opinion and Order. Instead, Plaintiff attached an Affidavit of Joe Foster in which he averred that the photographs he took did not reveal additional fingerprint evidence, and that they did not

show evidence of latent fingerprints or ridge details of any kind. Aff. of Joe Foster, ECF No. 130-1. Plaintiff seems to imply that, because Mr. Foster does not believe the photographs show any fingerprints or ridges, Plaintiff does not need to disclose them.

Rule 26(a)(2)(B) requires disclosure of facts or data considered by the expert in forming his opinion and any exhibits that will be used to support the opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii)-(iii). Mr. Foster's opinion is that no workable latent prints and no ridge detail of any kind were found on any of the listed items, and thus the photographs support his opinions. Mr. Foster discussed the photographs he took in his report and he considered them in arriving at his results. The photographs are not only discoverable under Rule 26(a) but the Court specifically ordered Plaintiff in its September 27, 2016 Memorandum Opinion and Order to provide Defendants with those photographs if Plaintiff intended to offer evidence from Mr. Foster at trial. Plaintiff's failure to disclose the photographs violates Rule 26(a*). See Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. Sec. 1782(a)*, 735 F.3d 1179, 1187 (10th Cir. 2013) (explaining that "facts or data" in Rule 26(a)(2)(B) is interpreted broadly to require disclosure of any material considered by expert, from whatever source, that contains factual ingredients).

Plaintiff has offered no justification for failure to provide the photographs. The photographs would be useful for Defendants to determine whether to obtain their own expert. Trial is now imminent and the prejudice cannot be sufficiently cured. The Court finds the failure to be willful and not harmless. The Court will therefore exclude Mr. Foster from testifying under Rule 37(c)(1).

### B. Plaintiff's Motion to Reconsider Excluding Mr. Noedel, Dr. Uchida, and Ms. Otto

#### 1. Mr. Noedel

Expert reports "are intended not only to identify the expert witness, but also 'to set forth the substance of the direct examination.'" *Jacobsen*, 287 F.3d at 953 (quoting Fed. R. Civ. P. 26(a)(2) advisory committee note (1993)). Plaintiff argues that Mr. Noedel's opinions are clear and unmistakable reconstructions of the ballistic scenarios and that the Court should reconsider its finding that the report does not satisfy Rule 26(a)(2)(B). Although a picture may be worth a thousand words, as asserted by Plaintiff, Rule 26(a)(2) requires a statement of actual words in order to allow the opposing party to prepare for the expected testimony – again presented in actual words – that the party can expect the expert to express at trial. *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 270-71 (6th Cir. 2010) (explaining that providing only cursory support for a conclusion does not satisfy Rule 26(a)(2)(B)(i); instead, expert opinion must set forth facts and outline a line of reasoning arising from a logical foundation, including the how and why the expert reached a particular result); *Jacobsen*, 287 F.3d at 953 (stating that Rule 26(a) expert reports are to set forth substance of direct examination to allow opposing party reasonable opportunity to prepare for effective cross examination). The Court stands by its determination that the report and illustrations do not amount to a "*complete statement* of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added).

Although the Court has concluded Mr. Noedel's report violates Rules 26(a), it has discretion to permit him to testify if the violation was justified or harmless. Plaintiff has not offered a justification for why Mr. Noedel's report does not contain more detail as to the opinions he will express at trial. The lack of statements, detail, and reasoning in Mr. Noedel's

9

report means that his testimony at trial would almost certainly contain substantially more information than was presented in his report, prejudicing Defendants. *Cf. Jacobsen*, 287 F.3d at 953 (determining prejudice existed because testimony at trial would likely contain more information than was presented in expert reports). The Court recognizes that some of the prejudice could have been cured if Defendants deposed Mr. Noedel, as they initially considered doing. Nevertheless, even after the report's deficiencies were pointed out to Plaintiff, Plaintiff did not seek to supplement Mr. Noedel's report with a more robust written statement of opinion. Defendants were entitled to the substance of Mr. Noedel's anticipated testimony before taking his deposition. Mr. Noedel's report is so lacking in detail, the Court will not fault Defendants for seeking exclusion under Rule 37 instead of moving forward with a deposition without the requisite information to which they are entitled beforehand to prepare for that deposition. *Cf. id.* at 954 ("Absent more complete disclosure by the experts, Dr. Jacobsen's prejudice cannot be cured."). The Court finds that there is no reasonable ability to cure any prejudice without disrupting the trial schedule and unduly delaying the case. Finally, Plaintiff's numerous failures to follow the expert disclosure rules, while perhaps not bad faith, certainly evidences a degree of willfulness. For the reasons given herein and in this Court's prior opinion, Mr. Noedel will be excluded from testifying as an expert under Rule 37(c)(1) because the Rule 26(a) violation was not justified or harmless.

### 2. Mr. Uchida

Plaintiff offers no new evidence or justification for failing to list Mr. Uchida as an expert witness. That Mr. Uchida testified in a separate case and issued a report commissioned by the City in August 2009, covering a period years before the current incident, is not enough to satisfy Rule 26(a)(2) or to cure the prejudice to Defendants. The Court finds no reason to overturn its prior ruling excluding Mr. Uchida from testifying.

### 3. Ms. Otto

Plaintiff does not offer any new evidence or argument to refute this Court's prior determinations that Ms. Otto's inconclusive opinion would not be helpful to the trier of fact and that Plaintiff did not comply with all the requirements of Rule 26 as to Ms. Otto. The Court will therefore not reconsider its prior order excluding Ms. Otto's expert testimony.

**IT IS THEREFORE ORDERED** that

1. Defendants' Renewal of Request to Exclude Officer Norman Rhoades, Officer Ricky Herrera, Robert Jones, and Joe Foster as Experts (**ECF No. 126**) is **GRANTED** as to Joe Foster but **DENIED** as to Officer Norman Rhoades, Officer Ricky Herrera, and Deputy Robert Jones.

2. Plaintiff's "Motion for Reconsideration of this Court's Order to Exclude Expert Testimony at Trial (Document No. 122)" (**ECF No. 129**) is **DENIED**.

3. The Court will exclude expert testimony from Mr. Noedel, Dr. Uchida, Ms. Otto, and Mr. Foster at trial.

4. The Court will permit expert testimony from Officer Norman Rhoades, Officer Ricky Herrera, and Deputy Robert Jones, limited to opinions expressed in their depositions.

_____
**UNITED STATES DISTRICT JUDGE**