# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ELVIA CORDERO,

    Plaintiff,

v.                                                                     No. 13-cv-0031 SMV/GBW

TODD FROATS, PETER BRADLEY,
JOSE SANCHEZ, CODY AUSTIN,
and CITY OF LAS CRUCES,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO ENFORCE SETTLEMENT

THIS MATTER is before the Court on Defendants' Motion to Enforce Settlement Agreement [Doc. 178], filed on October 5, 2017. Defendants argue that they should be able to rely on the representation of Plaintiff's former attorney, Mr. Lyle, that she had agreed to settle the case for $25,000. Plaintiff denies that she ever agreed to settle the case for $25,000. The Court held an evidentiary hearing on April 5, 2018. Having considered the evidence and argument presented at the hearing, along with the relevant portions of the record and the applicable law, the Court finds that Defendants fail to meet their burden to show that Plaintiff clearly and unequivocally authorized Mr. Lyle to settle the case for $25,000. Thus, the motion will be denied. Moreover, Plaintiff, who has been appointed personal representative of the wrongful death estate of Robert Montes, may not act as the attorney for the estate. She must find an attorney within 60 days. If she fails to find an attorney, the case will likely be dismissed.

**Background**

Plaintiff initiated this lawsuit on January 11, 2013. [Doc. 1]. She alleged that the Defendant police officers wrongfully shot and killed her nephew, Robert Montes, during a traffic stop. She asserted tort claims, violations of Montes's constitutional rights, and supervisory liability of Defendant City of Las Cruces. *Id.*

Defendants argued that Robert Montes shot at the officers first, which entitled them to qualified immunity. Plaintiff responded with the testimony of witnesses who said that the officers shot Montes while he was unarmed, handcuffed, and fleeing. The Honorable Judith C. Herrera, United States District Judge, denied qualified immunity on January 9, 2015, because a reasonable jury could rely on Plaintiff's witnesses. [Doc. 34]. And if Plaintiff's witnesses' version were accepted, the officers would not be entitled to qualified immunity.

Defendants appealed on the ground that the witness statements were blatantly contradicted by audio recordings, a videotape, and the physical evidence. The Tenth Circuit found that the evidence "strongly support[ed D]efendants' position[, but the court could not] say that the evidence blatantly contradicted Plaintiff's witnesses." [Doc. 50-1] at 4. Thus, the appeal was dismissed on September 2, 2015. *Id.* at 4.

Plaintiff amended her complaint on January 7, 2016. [Doc. 71]. Judge Herrera appointed Plaintiff as personal representative of the wrongful death estate of Robert Montes pursuant to the New Mexico Wrongful Death Act, NMSA 1978, § 41-2-3, on June 7, 2016. [Doc. 110]. Several other pretrial motions were filed and decided, including one regarding whether Plaintiff had sufficiently demanded a jury trial. Judge Herrera set a bench trial for November of 2016.

[Doc. 136]. Plaintiff petitioned the Tenth Circuit Court of Appeals for a writ of mandamus ordering Judge Herrera to set the trial by jury. *See* [Doc. 149] at 1–2. The Tenth Circuit denied Plaintiff's petition for a writ of mandamus on November 10, 2016. [Doc. 157].

Shortly thereafter, on November 17, 2016, Judge Herrera and the parties consented to my presiding over the case for trial and final judgment. [Doc. 159]. I set a bench trial for February 27, 2017, but it was vacated because Plaintiff was undergoing treatment for serious medical issues. [Docs. 162, 164]. The bench trial was reset for November 13, 2017. [Doc. 169].

However, on August 18, 2017, defense counsel notified chambers staff that the case had been settled. On September 6, 2017, Plaintiff's counsel, Mr. Lyle, moved to withdraw. [Doc. 173]. Mr. Lyle represented that Plaintiff had accepted Defendants' settlement offer of $25,000 but later reneged when her sister (the mother of Robert Montes) objected. *Id.* at 2. He further represented that he explained to Ms. Cordero that she could not change her mind, but she still refused to sign the settlement agreement. *Id.* Plaintiff did not oppose Mr. Lyle's withdrawal, and Judge Wormuth granted Mr. Lyle leave to withdraw on September 27, 2017. [Doc. 176]. The next day, Mr. Lyle filed his charging lien in the amount of $24,210.39. [Doc. 177] at 3.

Defendants filed the instant Motion to Enforce the Settlement on October 5, 2017. [Doc. 178]. The November trial setting was vacated. [Doc. 179]. Plaintiff did not respond to the Motion to Enforce, and the Court ordered to the parties to show cause why the motion should not be granted and why Mr. Lyle's charging lien enforced. [Doc. 181]. Plaintiff submitted a letter, denying that she had ever agreed to settle for $25,000. [Doc. 182]. Mr. Lyle replied to the

3

letter, representing that he discussed the settlement with Plaintiff on three occasions, each time explaining that Defendants would offer no more than $25,000. Ultimately, Defendants agreed to withdraw a contingency to their offer (no longer requiring Plaintiff to withdraw a certain potion of her complaint), but they offered no more money. Mr. Lyle represented that he told Plaintiff that $25,000, minus the contingency, was the final offer, and Plaintiff accepted. [Doc. 183] at 1−2.

The Court set an in-person evidentiary hearing on the Motion to Enforce and the Charging Lien for February 22, 2018. [Doc. 184]. Mr. Lyle and defense counsel appeared, but Plaintiff did not. [Doc. 186]. The hearing proceeded, and I took evidence and heard argument. *Id.* Immediately after the hearing concluded, however, I was notified that, due to an unexplained glitch in the Court's computer system, Plaintiff had never received notice of the hearing. *See id.*

A second evidentiary hearing was held on April 5, 2018. [Doc. 190]. I allowed Mr. Lyle to appear by telephone (because he was hospitalized in Albuquerque). Plaintiff and defense counsel appeared in person. Mr. Lyle credibly testified that Ms. Cordero had authorized the settlement for $25,000. Ms. Cordero also credibly testified that she never authorized Mr. Lyle to settle the case for $25,000.

Defendants do not meet their burden to show that
Ms. Cordero specifically authorized Mr. Lyle to settle the case for $25,000.

"[A]n attorney may not settle a client's claim without *specific authorization* from the client[,] and . . . if there is an issue as to whether there was authorization, the party seeking enforcement of an alleged settlement agreement has the burden of establishing authorization."

*Gomez v. Jones-Wilson*, 2013-NMCA-007, ¶ 22, 294 P.3d 1269 (emphasis added). "[Specific] authority must be clear and unequivocal." *Id.* at ¶ 19 (internal quotation marks omitted).

Essentially, this is a he-said she-said situation. Plaintiff's former counsel, Mr. Lyle testified that, on "multiple occasions," he obtained specific authority from Ms. Cordero to settle the lawsuit for $25,000. Ms. Cordero, however, testified adamantly that she "never" authorized Mr. Lyle to settle the lawsuit for $25,000. Neither produced any documents tending to show one way or the other whether Ms. Cordero authorized the settlement or not. The Court finds both witnesses to be credible.

As the parties seeking to enforce the settlement, Defendants have the burden of establishing that Mr. Lyle had specific authorization to settle. *See Gomez*, 2013-NMCA-007, ¶¶ 22, 33. Having found both Mr. Lyle and Ms. Cordero equally credible, the Court determines that Defendants fail to meet their burden to show that Mr. Lyle had specific authority to enter into the settlement agreement.

The fact that Mr. Lyle was the attorney does not change the result. "To create apparent authority [to settle a claim], the client must do more than simply retain the lawyer." *Id.* at ¶ 29 (internal quotation marks and brackets omitted). To create apparent authority to settle a claim, the client herself would have to "hold out [her] attorney as possessing authority to [settle the case]." *Id.* at ¶ 27. Here, no evidence was offered that Plaintiff's *own* conduct indicated or implied that Mr. Lyle had authority to settle the case. *Cf. id.* at ¶¶ 26–28 (discussing *Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc.*, 1998-NMSC-010, 106 N.M. 705 (apparent

authority was conferred where the terms of the settlement agreement were discussed in open court and the client gave approval in open court)).

<u>Ms. Cordero may not act as the attorney for the estate.</u>

Defendants argue that, although Ms. Cordero is the personal representative for the wrongful death estate, she is not an attorney and, thus, may not act as the estate's attorney in prosecuting this lawsuit. The Court agrees. *Cf. Lee v. Catron, Catron & Pottow, P.A.*, 2009-NMCA-018, 145 N.M. 573 (holding that a non-attorney trustee could not represent a trust in court unless he was also the sole beneficiary); *Chissom v. Rueckhaus*, 1997-NMCA-112, 124 N.M. 255 (holding that a non-attorney parent could not represent his minor son in court); *Ross v. Balderas*, 2017 U.S. Dist. LEXIS 80548, at *2 (D.N.M. May 25, 2017) (unpublished) (denying motion of pro se widower to represent his deceased wife's estate because he had not shown that he was the sole beneficiary and because at least one creditor had filed a claim against the estate).

Mr. Lyle withdrew as counsel for the estate nearly seven months ago. [Doc. 176]. Ms. Cordero testified that she had attempted to find new counsel but has not yet been successful. The Court will allow her an additional 60 days to find an attorney for the estate. **If a no attorney appears on behalf of the estate within 60 days, the case will likely be dismissed.**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Enforce Settlement Agreement [Doc. 178] is **DENIED**.

**IT IS FURTHER ORDERED** that ruling is **RESERVED** on Mr. Lyle's Charging Lien [Doc. 177].

**IT IS FURTHER ORDERED** that no later than **June 15, 2018**, new counsel must appear on behalf of the estate, or Plaintiff must show cause why this case should not be dismissed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**